**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LONG HORIZON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>XIAOMI CORPORATION, XIAOMI COMMUNICATIONS CO., LTD., XIAOMI H.K. LIMITED, BEIJING XIAOMI MOBILE SOFTWARE CO., LTD., SHENZHEN XIAOMI INFORMATION TECHNOLOGY CO., LTD., AND XIAOMI TECHNOLOGIES SINGAPORE PTE. LTD.,<br><br>Defendants. | ) | Case No. 2:26-cv-00<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Long Horizon Technologies LLC ("Long Horizon" or "Plaintiff") for its Complaint against Defendants Xiaomi Corporation ("Xiaomi Corp."), Xiaomi Communications Co., Ltd. ("Xiaomi Communications"), Xiaomi H.K. Limited ("Xiaomi H.K."), Beijing Xiaomi Mobile Software Co., Ltd. ("Xiaomi Mobile Software"), Shenzhen Xiaomi Information Technology Co., Ltd. ("Xiaomi Information Technology"), and Xiaomi Technologies Singapore Pte. Ltd. ("Xiaomi Singapore") (collectively, "Xiaomi" or "Defendants") for patent infringement alleges as follows:

## THE PARTIES

1. Long Horizon is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, TX 75670.

2. On information and belief, Defendant Xiaomi Corp. is an exempted company incorporated under the laws of the Cayman Islands, with its registered office at Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. On information and belief, Xiaomi Corp. may be served pursuant to the provisions of the Hague Convention. On information and belief, Xiaomi Corp. does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries and affiliates.

3. On information and belief, Defendant Xiaomi Communications is a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business at Xiaomi Office Building, 68 Qinghe Middle Street, Haidian District, Beijing, China 100085. On information and belief, Xiaomi Communications may be served pursuant to the provisions of the Hague Convention. On information and belief, Xiaomi Communications does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries and affiliates.

4. On information and belief, Defendant Xiaomi H.K. is a limited liability company organized and existing under the laws of Hong Kong, with its principal place of business at Unit 806, Tower 2, 8/F, Cheung Sha Wan Plaza, 833 Cheung Sha Wan Road, Kowloon, Hong Kong SAR, China. On information and belief, Xiaomi H.K. may be served pursuant to the provisions of the Hague Convention. On information and belief, Xiaomi H.K. does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries and affiliates.

5. On information and belief, Defendant Xiaomi Mobile Software is a limited liability company organized and existing under the laws of the People's Republic of China, with its registered office at No. 018, 8th Floor, Building 6, Yard 33, Xi'erqi Middle Road, Haidian District, Beijing, China 100085. On information and belief, Xiaomi Mobile Software may be served

pursuant to the provisions of the Hague Convention. On information and belief, Xiaomi Mobile Software does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries and affiliates.

6. On information and belief, Defendant Xiaomi Information Technology is a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business at Room 1901, 19th Floor, Building 1, Yongxin Times Square, Intersection of Dongbin Road and Nanguang Road, Dengliang Community, Nanshan District, Shenzhen, Guangdong, China. On information and belief, Xiaomi Information Technology may be served pursuant to the provisions of the Hague Convention. On information and belief, Xiaomi Information Technology does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries and affiliates.

7. On information and belief, Defendant Xiaomi Singapore is a limited liability company organized and existing under the laws of Singapore, with its registered office at 1 Fusionopolis Link, #04-02/03, Nexus @One-North, Singapore 138542. On information and belief, Xiaomi Singapore may be served pursuant to the provisions of the Hague Convention. On information and belief, Xiaomi Singapore does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries and affiliates.

8. Defendants have authorized sellers and sales representatives that offer and sell products pertinent to this Complaint through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as: Best Buy, 422 West TX-281 Loop, Suite 100, Longview, Texas 75605; and Walmart, 1701 East End Boulevard North, Marshall, Texas 75670; 515 East Loop 281, Longview, Texas 75605; and 4006 Estes Parkway, Longview, Texas 75603.

9. On information and belief, Defendants design, develop, manufacture, make, use, sell, offer for sale, and/or import into the United States smartphones, tablets, and associated software and services that incorporate advertising, promotional-content delivery, management, and user-interaction tracking functionality, including devices running MIUI and/or Xiaomi HyperOS and utilizing Xiaomi's native advertising and promotional services (e.g., Mi Ads, GetApps, App Vault, and associated software, servers, and analytics services). Such functionality enables promotional materials to be requested by applications, received and stored on user devices, subsequently accessed through management interfaces, and user interactions with those materials to be transmitted to remote servers for analysis. On information and belief, Defendants, directly and/or through their subsidiaries, affiliates, distributors, retailers, and established distribution channels, intentionally place these products into the stream of commerce with the expectation that they will be purchased and used by consumers throughout the United States, including Texas and this District. Defendants' products and associated software and services are marketed, distributed, offered for sale, sold, and/or used throughout the United States, including within this District.

**JURISDICTION AND VENUE**

10. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

11. This Court has personal jurisdiction over Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. On information and belief, Defendants have sufficient minimum contacts with the forum because Defendants transact substantial business in the State of Texas and in this Judicial District. Further, Defendants have, directly or through subsidiaries or intermediaries, committed and

continue to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, alleged more particularly below. Furthermore, Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in this District; Defendants have sought protection and benefit from the laws of the State of Texas; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in this District.

12. Defendants are subject to this Court's specific and general personal jurisdiction due at least to their substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

13. Specifically, Defendants intend to do and do business in, and have committed acts of infringement in this District, in this State of Texas, and in the United States, directly, through intermediaries, and offer and send their products or services, including those accused of infringement here, to customers and potential customers located in this State, including in this District, and in the United States.

14. On information and belief, Defendants also make their products available for sale in this District at least through third-party sellers, such as Walmart and Amazon.[1]

15. Defendants have committed acts of infringement in this District, including, but not limited to, making, using, selling, offering for sale, and importing of the Accused Products.

16. Defendants have purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendants regularly sell

[1] https://www.walmart.com/browse/0?facet=brand:Xiaomi.

(either directly or indirectly), their products within this District. For example, Defendants have placed infringing products into the stream of commerce via established distribution channels with the knowledge or understanding that such products are being sold in this Judicial District and the State of Texas. For example, Defendants make their products available in stores, as discussed above (*see* ¶ 14), either directly or indirectly, as well as on the internet through online storefronts, such as Amazon.com. Listings for Defendants' products on Amazon.com link directly to Defendants' official Amazon storefront.[2]

17. Defendants have also been named as respondents in investigations before the International Trade Commission for violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, demonstrating Defendants' knowing importation of goods into the United States.[3]

18. By way of further example, in the past, certain Defendants have not formally contested jurisdiction and venue in this Court. *See, e.g., The Research Foundation for The State University of New York, et al. v. Xiaomi Corporation, et al.*, Case No. 2:23-cv-00353-RWS-RSP, Dkt. 16 (E.D. Tex. Feb. 1, 2024).

19. In addition, or in the alternative, this Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2), because the claims for patent

---

[2] https://www.amazon.com/Xiaomi-Smart-Band-Global-Version/dp/B0CD2MP728/ref=sr_1_1?crid=KSL2ZVFSR6XR&dib=eyJ2IjoiMSJ9.3s2i7FhF5WaQP3LLqGjT-OJ-n7MV35k_N0uir08uTJy_vskaFA6te5Y1zu9FqvBKKh3PUf_qRP2ynDpuEw58myM5yLVrj3HxSexH3IaAeDG1g2SN76SfUHtAY26XfsDF0pgnC2xR8Xp1_Ba1qj5Dsmg-f-VESJnL5-BD67NVEMlYDtgzxQ5Cf8N2gYbFbiGTKKAn2FxXYnQkj7IsV9D0KWbXKzW6joj2YXgrKZ9v9kA.w4xC_vS9iE8wJmb7Uzg10zhjfKG3ix17mrK7NPaaPBA&dib_tag=se&keywords=xiaomi+smart+band+8&qid=1773243358&sprefix=Xiaomi+Smart+Band+8%2Caps%2C118&sr=8-1.

[3] https://public-inspection.federalregister.gov/2023-14840.pdf?1689165922.

infringement in this action arise under federal patent law, Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state, and exercising jurisdiction over Defendants is consistent with the United States Constitution.

20. Defendants are subject to this Court's specific and/or general jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to their substantial and pervasive business in this State and Judicial District, including their infringing activities alleged herein, from which Defendants have derived substantial revenue from goods sold to Texas residents and consumers.

21. Venue is proper against Defendants in this District pursuant to 28 U.S.C. § 1391 because, among other things, Defendants are not residents of the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3). *See also In re: HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) ("The Court's recent decision in *TC Heartland* does not alter" the alien-venue rule).

**PATENT-IN-SUIT**

22. On December 5, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,836,770 (the "'770 Patent") entitled "Data Capture for User Interaction with Promotional Materials." A true and correct copy of the '770 Patent is available at: https://patentimages.storage.googleapis.com/5a/57/e1/fca2c5b715f677/US9836770.pdf.

23. Long Horizon is the sole and exclusive owner of all right, title, and interest in the '770 Patent (the "Patent-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Long Horizon also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

**FACTUAL ALLEGATIONS**

24. The ’770 Patent generally relates to systems and methods for delivering promotional materials to user devices and capturing data regarding users’ interactions with those materials. The technology described in the ’770 Patent was developed by George M. Nemitz, Vincent James Spinella, Rajiv Konkimalla, Dillip Kumar Kara, and James Francis Spinella. By way of example, this technology is implemented in systems that deliver and store promotional materials on a user device for later presentation through a management client, while capturing and analyzing user interactions with the promotional materials to determine their effectiveness.

25. Xiaomi has infringed and is continuing to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products including, but not limited, to smartphones and tablets.

**COUNT I**
**(Infringement of the ’770 Patent)**

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. Long Horizon has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the ’770 Patent.

28. Defendants have and continue to directly infringe the ’770 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the ’770 Patent. Such products include, but are not limited to, Xiaomi phones and tablets, including but not limited to Xiaomi/Redmi-branded smartphones and tablets, running on MIUI or HyperOS, using a Global or regional ROM, including, but not limited to, the Xiaomi 11T, Xiaomi 11T Pro, Redmi Note 10 Pro, Redmi Note 10S, Redmi Note 10 5G, Redmi 10, Xiaomi 12, Xiaomi 12 Pro, Xiaomi 12X, Xiaomi 12 Lite, Xiaomi 12T, Xiaomi 12T Pro, Redmi Note 11, Redmi Note 11S, Redmi Note 11S 5G, Redmi Note

11 Pro, Redmi Note 11 Pro 5G, Redmi Note 11 Pro+ 5G, Redmi 10 2022, Redmi 10A, Redmi 10C, Redmi 10 5G, Xiaomi 13, Xiaomi 13 Pro, Xiaomi 13 Lite, Xiaomi 13 Ultra, Xiaomi 13T, Xiaomi 13T Pro, Redmi Note 12, Redmi Note 12 5G, Redmi Note 12S, Redmi Note 12 Pro, Redmi Note 12 Pro 5G, Redmi Note 12 Pro+ 5G, Redmi 12, Redmi 12 5G, Redmi 12C, Redmi 13C, Redmi A2, Xiaomi 14, Xiaomi 14 Ultra, Xiaomi 14T, Xiaomi 14T Pro, Redmi Note 13, Redmi Note 13 5G, Redmi Note 13 Pro, Redmi Note 13 Pro 5G, Redmi Note 13 Pro+ 5G, Redmi 13, Redmi 14C, Redmi A3, Xiaomi 15, Xiaomi 15 Ultra, Xiaomi 15T, Xiaomi 15T Pro, Redmi Note 14, Redmi Note 14 5G, Redmi Note 14 Pro, Redmi Note 14 Pro 5G, Redmi Note 14 Pro+ 5G, Redmi 15, Redmi 15 5G, Redmi 15C, Redmi A5, Redmi Note 15 5G, Redmi Note 15 Pro 5G, and Redmi Note 15 Pro+ 5G, and Xiaomi Software including but not limited to the Xiaomi Mi Home Application, Xiaomi HyperOS, Xiaomi MiOS, and Xiaomi GettApps and associated Apps, among other Xiaomi products.

29. For example, Defendants have and continue to directly infringe at least claim 1 of the ’770 Patent by making, using, offering to sell, selling, and/or importing into the United States Xiaomi Redmi A5. The Xiaomi Redmi A5 is exemplary of how the other Xiaomi products accused herein infringe the ’770 Patent.

30. For example, the Xiaomi Redmi A5 performs a method of capturing, by a management client running on a user device, data corresponding to user interaction with promotional material on the user device the method comprising: performing the step of receiving, by a processing device, a request for the promotional material from a non-web-browser application on the user device (e.g., Xiaomi Redmi A5 user agreeing to terms of service, Xiaomi U.S.’s privacy policy and or Xiaomi Home Privacy Policy).

**3.2 Collection of personal information from third-party sources**

Xiaomi products and services may require you to have a Xiaomi Account. For faster sign-in or to easily fill in Xiaomi Account personal information, you may also authorize the pairing of a third-party account with your Xiaomi Account (e.g. your Google, Facebook or Apple account). With your consent, you may authorize the third-party account to import your profile picture, nickname, email, and other information to your Xiaomi Account.

We will ensure the security of your information through means such as encryption, but handling of your personal information by third parties is subject to the privacy policy of the relevant third party. For this reason, we recommend that you read third parties' privacy policies just like you read ours. You can cancel authorization for third parties at any time in "Accounts and permissions" on https://account.xiaomi.com.

**3.3 Non-personally identifiable information**

We also collect other types of information which are not directly or indirectly linked to an individual and which may not be defined as personal information according to applicable law. Such information is called non-personally identifiable information and we may collect, use, transfer, disclose, and otherwise process such non-personally identifiable information. Such information may include statistical data generated when you use a specific service, such as interaction records like daily usage, page views, page access times, session events (when not considered personal information), and error records when you use our services. The purpose of such collection is to improve the services we provide to you (e.g. for correcting mistakes). The types and amount of information collected depend on how you use our services. We aggregate such information. In its aggregated form, this data is not personal information and cannot be used to identify you. However, if non-personally identifiable information is combined with personal information, such non-personally identifiable information will be processed as personal information in accordance with this Privacy Policy.

[4]

**1.1.2 Information that we collect in your use of services**

We may collect log information related to your use, such as cookies, IP addresses. Log information is information related to your use of certain features of the websites. For example, cookies and IP addresses, network request information, standard system logs, crash information, log information generated by using the services (such as access time, activity time, etc.). We use such information in aggregated form to improve your experience while using our apps and websites.
We collect information such as information about your activities on our websites. We use such information in aggregated form to provide you with more useful information and to understand which parts of our websites, products and services you are most interested in. In its aggregated form, data is not personal information and cannot be used to identify you. However, if we combine non-personal information with personal information, such information will be treated as personal information.

**1.1.3 Non-personally identifiable information**

We may also collect other types of information which are not directly or indirectly linked to an individual and which may not be defined as personal information according to applicable local laws. Such information may include statistical data generated when you use a specific service (e.g. user clicks, browsing behaviors, page access events). The purpose for such collecting is to improve the services we provide to you. The type and amount of information collected depends on how you use our services.
In its aggregated form, such data is not personal information as it cannot be used to identify you. However, if we combine non-personal information with personal information, such information will be treated as personal information.

[5]

31. The Xiaomi Redmi A5 performs the step of sending, by the processing device, the request for promotional material to a web service comprising a server while the application is

---

[4] Xiaomi Home Privacy Policy (updated on August 25, 2026): available at https://g.home.mi.com/views/user-terms.html?locale=en&type=userPrivacy.

[5] Xiaomi U.S. Privacy Policy (updated on June 15th 2026). Available at: https://www.mi.com/us/about/privacy/.

active on the user device (e.g., the Xiaomi A5 using the Xiaomi App sending the opt-in to advertising material, acceptance of privacy policy, identifiers (including but not limited to advertising identifiers), and collected information, user preference information, including but not limited to connection data, telemetry data, browsing data, app use data, user behavioral data, and user participation data.

32. The Xiaomi Redmi A5 performs the step of receiving, by the processing device, the promotional material from the web service at a first time (e.g., The Xiaomi A5 receiving promotional material, including but not limited to marketing information, identifiers, or other information received in response to collected information, including information received in response to user preference information, including but not limited to connection data, telemetry data, browsing data, app use data, user behavioral data, user participation data).

33. The Xiaomi Redmi A5 performs the step of storing, by the processing device, the promotional material in a data store on a user device (e.g., The Xiaomi A5 storing promotional material, including but not limited to marketing information, identifiers (including any information which links information stored or hosted by a supplier of promotional material), or other information received in response to collected information, including information received in response to user preference information, including but not limited to connection data, telemetry data, browsing data, app use data, user behavioral data, and user participation data).

34. The Xiaomi Redmi A5 performs the step of launching, by the processing device, the management client on the user device for access to the promotional material in response to a request from a user of the user device (e.g., the Xiaomi A5, using the accused software, accessing the stored promotional material or stored identifier linking the promotional material).

35. The Xiaomi Redmi A5 performs the step of presenting, by the processing device,

the promotional material for user interaction, wherein the promotional material is presented by the management client outside the application at a second time, wherein the second time is later than the first time (e.g., promotional material in the form of a promotional advertisement within another application, a promotional email accessed on the Xiaomi Redmi A5, a promotional SMS sent to the Xiaomi Redmi A5, or promotional notification sent to the Xiaomi Redmi A5).

36. The Xiaomi Redmi A5 performs the step of receiving, by the processing device, a user interaction with the promotional material (e.g., the Xiaomi Redmi 5 logging and processing presence or absence clicks, views, user behavior, telemetry, connection data in connection with the promotional material).

37. The Xiaomi Redmi A5 performs the step of generating, by the processing device, data representing the user interaction with the promotional material in the management client (e.g., the Xiaomi Redmi A5 logging or recording the presence or absence clicks, views, user behavior, telemetry, connection data in connection with the promotional material and preparing for it to be transmitted).

38. The Xiaomi Redmi A5 performs the step of transmitting, by the processing device and over a wireless communication network, the data representing the user interaction to the web service, wherein the server is configured to analyze the data representing the user interaction to determine an effectiveness of the promotional material (e.g., the Xiaomi Redmi A5 sending the user interaction data over a wireless internet connection to a server which reviews and analyzes the information).

39. Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, Xiaomi has used the Accused Products in a manner that directly infringes at least the method claims of the ’770 Patent.

40. Defendants have and continue to indirectly infringe one or more claims of the ’770 Patent by knowingly and intentionally inducing others, including Fortinet customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

41. Defendants, with knowledge that these products, or the use thereof, infringe the ’770 Patent at least as of the date of this Complaint, have knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the ’770 Patent by providing these products to others for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their employees and agents not to review the patents of other, including specifically those related to Defendants’ specific industry, thereby remaining willfully blind to the ’770 Patent at least as early as the issuance of the ’770 Patent.

42. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the ’770 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by its customers, partners, and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants’ website, product literature and packaging, and other publications, including the documents cited herein.

43. Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the ’770 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement

by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '770 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '770 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be specially made or adapted for use in the infringement of the '770 Patent. Defendants perform these affirmative acts with knowledge of the '770 Patent and with intent, or willful blindness, that they cause the direct infringement of the '770 Patent.

44. Long Horizon has suffered damages as a result of Defendants' direct and indirect infringement of the '770 Patent in an amount to be proven at trial.

45. Long Horizon has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '770 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Long Horizon prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patent-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or

participation with them, from further acts of infringement of one or more of the Patent-in-Suit;

c. An order awarding damages sufficient to compensate Plaintiff for Defendants' infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Plaintiff its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: November 8, 2026

Respectfully submitted,

*/s/ John Andrew Rubino*

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
1200 Harbor Blvd., 10th Floor
Weehawken Township, NJ 07086
Telephone: (201) 817-1840
Facsimile: (973) 535-0921

Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**Fabricant, Rubino & Lambrianakos LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF,***
***LONG HORIZON TECHNOLOGIES LLC***